**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LEONARD AND ELIZABETH FOSTER,      )   Case No. 06-05776 SC
                                   )
          Plaintiffs,              )
                                   )
     v.                            )   ORDER GRANTING
                                   )   DEFENDANTS' MOTION
LORI SCHOEB; THE HARTFORD          )   <u>FOR SUMMARY JUDGMENT</u>
UNDERWRITERS INSURANCE COMPANY; and)
DOES 1 through 20, Inclusive,      )
                                   )
          Defendants.              )
                                   )
_____)

I.   **INTRODUCTION**

     This matter comes before the Court on Defendants' Motion for
Summary Judgment; Plaintiffs' Motion to Withdraw Automatic
Admissions ("Motion to Withdraw"); Defendants' Request for Order
to Show Cause Why Sanctions Should Not Issue ("Request for
Sanctions"); and Defendants' Request for Judicial Notice.

     After reviewing the parties' submissions, the Court GRANTS
Defendants' Motion for Summary Judgment and DENIES Defendants'
Request for Sanctions.  For the reasons stated below, the Court
need not decide Plaintiffs' Motion to Withdraw and Defendants'
Request for Judicial Notice.

II.  **BACKGROUND**

     On March 1, 2003, Plaintiffs Leonard and Elizabeth Foster

**United States District Court**
For the Northern District of California

were injured in a single-vehicle automobile accident.  Pls.' Opp'n
to Summ. J., Docket No. 18, at 1.  According to Plaintiffs the
accident was caused by a blow-out of the right rear tire.  <u>Id.</u>
Defendants in the present action, Lori Schoeb and Hartford
Underwriters Insurance Company ("Defendants" or "Hartford"), were
the insurers of the vehicle at the time of the accident.  <u>Id.</u>  As
insurers, Defendants took possession of the badly damaged vehicle
and tire after the accident to safeguard them for evidence.
Defs.' Evid. Supp. for Mot. for Summ. J., Docket No. 16 ("Defs.'
Evidence"), Ex. 2.  Defendants, in a letter to Plaintiffs dated
April 16, 2003, stated that they had the vehicle "on safeguard at
our salvage yard since it was moved there."  <u>Id.</u>  In addition,
Defendants stated that they had given authorization to the salvage
yard for Plaintiffs to inspect the vehicle.  <u>Id.</u>

Approximately five months later, on September 11, 2003,
Defendants released the damaged vehicle and tire from safeguard
and the salvage yard then sold them to an unknown third party.
<u>Id.</u> at Ex. 3.  Plaintiffs had not inspected the tire or vehicle
and Plaintiffs were not notified that the vehicle and tire were
being sold.  Opp'n to Summ. J. at 2.  As detailed below,
Plaintiffs did not learn that the vehicle and tire had been sold
until June 21, 2006, more than three years after the accident.

On February 8, 2005, Plaintiffs filed suit in California
Superior Court ("Underlying Action") against Cooper Tires, Inc.,
the manufacturer of the tire, and against City Tire Sales, the
seller of the tire.  <u>See</u> Decl. of Anthony Edwards ("Edwards
Decl."), Ex. C, Docket No. 20.  Plaintiffs brought three causes of

2

1    action against the defendants in the Underlying Action:

2    negligence, intentional tort and products liability.   Id.

3         On January 25, 2006, almost three years after the accident

4    and almost a year after filing the lawsuit in state court,

5    Plaintiffs' counsel filed a Deposition Subpoena in state court

6    seeking the tire that allegedly caused the accident.   See Edwards

7    Decl., Ex. D, Docket No. 20.   On February 8, 2006, Hartford

8    responded in a letter, stating that they had "requested Foster's

9    file from archives . . . ."   See id., Ex. E.   On March 9, 2006,

10   Plaintiffs had still not received the tire and sent a letter to

11   Hartford inquiring about the tire's location.   See id., Ex. G.   On

12   June 13, 2006, Plaintiffs' counsel sent a letter to Hartford

13   seeking "a copy of the report that is in your archives re the tire

14   that failed on the Foster's vehicle on 1 March 03."   See id., Ex.

15   F.   Finally, on June 21, 2006, Hartford informed Plaintiffs that

16   the tire had been taken out of safeguard and sold and its location

17   was unknown.   See id., Ex. H.

18        After Plaintiffs initiated the Underlying Action but before

19   they tried to locate the tire, Plaintiffs repeatedly failed to

20   respond to the state court defendants' discovery requests.   As a

21   result, the state court issued numerous orders to compel discovery

22   and, over the course of the Underlying Action, sanctioned

23   Plaintiffs almost $5,000.[1]   Eventually, on July 6, 2006, the state

24   court dismissed Plaintiffs' claim in a minute order, sanctioned

25   Plaintiffs $920.00 and requested that the defendants present a

26

27        [1] This is chronicled in detail below.

28                                    3

United States District Court
For the Northern District of California

formal order within 20 days.[2]  See Defs.' Reply, Ex. 1, Docket No.
22.  According to the minute order, the case was dismissed because
of terminating sanctions against Plaintiffs.  Id.

On September 20, 2006, less than one month after the
Underlying Action was dismissed, Plaintiffs filed the present
action against Hartford in federal court.[3]  See Docket No. 1.
Plaintiffs subsequently filed a First Amended Complaint
("Complaint") on December 29, 2006.  See Docket No. 4.  In this
Complaint, Plaintiffs allege that Hartford's failure to produce
the tire caused the dismissal of Plaintiffs' Underlying Action
against the manufacturer and seller of the tire.  Compl. ¶ 18.
Plaintiffs' Complaint contains three causes of action:  (1) breach
of contractual duty to preserve evidence; (2) promissory Estoppel;
and (3) negligent infliction of emotional distress.  Id. at ¶¶ 23,
30, 36.

III. **LEGAL STANDARDS**

Entry of summary judgment is proper "if the pleadings,
depositions, answers to interrogatories, and admissions on file,
together with the affidavits, if any, show that there is no
genuine issue as to any material fact and that the moving party is

---

[2] On August 29, 2006, the formal order was issued.  See Defs.'
Evidence, Ex. 12.  The relevant content of the minute order and the
formal order is identical save for the fact that the formal order
includes a provision that the dismissal was with prejudice.  See
id.

[3]Federal jurisdiction is premised on diversity;  Hartford
Insurance is located in Arizona and the Fosters are residents of
California.  The amount in controversy is satisfied.  See 28 U.S.C.
1338(a).

**United States District Court**
For the Northern District of California

entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

"Summary judgment should be granted where the evidence is such

that it would require a directed verdict for the moving party."

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).  Thus,

"Rule 56(c) mandates the entry of summary judgment . . . against a

party who fails to make a showing sufficient to establish the

existence of an element essential to that party's case, and on

which that party will bear the burden of proof at trial."  Celotex

Corp. v. Catrett, 477 U.S. 317, 322 (1986).  In addition, entry of

summary judgment in a party's favor is appropriate when there are

no material issues of fact as to the essential elements of the

party's claim.  Anderson, 477 U.S. at 247-49.

IV.   **DISCUSSION**

     Plaintiffs assert that the failure by Defendants to safeguard

the allegedly defective tire caused the dismissal of the

Underlying Action in state court.  Compl. ¶ 18.  Plaintiffs,

however, have failed to present any evidence supporting their

assertion.  To the contrary, other than a declaration from

Plaintiffs' counsel, all of the evidence submitted by the parties

indicates that the Underlying Action was dismissed because of the

chronic failure by Plaintiffs' counsel to respond to discovery

requests and court orders.[4]

---

     [4]  Plaintiffs' counsel has had similar trouble responding to
discovery requests and meeting filing deadlines in the present
case.  First, Defendants served Plaintiffs with Requests for
Admission on April 27, 2007.  Pls.' Mot. to Withdraw at 1, Docket
No. 21.  The responses were due June 1, 2007.  Id.  Plaintiffs did
not respond until August 7, 2007, almost two months after the

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

A brief time-line of events in the Underlying Action makes clear that the case was dismissed for reasons unrelated to Hartford's conduct regarding the tire. On August 31, 2005, the state court issued an order compelling Plaintiffs to respond to Defendants' form interrogatories and sanctioning Plaintiffs $250.00. See Defs.' Evidence, Ex. 8. In its order the court stated: "The court additionally finds that plaintiffs' failure to comply with discovery was willful, and was without substantial justification." Id. On November 1, 2005, the state court issued another order compelling Plaintiffs to respond to Defendants' discovery requests. Id. at Ex. 9. Sanctions of $400.00 were imposed against Plaintiffs for the same reasons stated above. Id. On November 29, 2005, the state court granted another motion to compel Plaintiffs to respond to discovery requests and again sanctioned Plaintiffs $400.00. Id. at Ex. 10.

These orders and sanctions apparently had little impact on Plaintiffs and on December 16, 2005, the state court issued an order stating:

> The Court is giving the Plaintiffs in this matter immediate notice that they have one more opportunity to comply [with discovery]. Plaintiffs shall serve complete verified responses without objections, on the defense no later than December 30, 2005[,] or this matter will be dismissed.

---

deadline. Id. In addition, Plaintiffs' Opposition to Summary Judgment was filed seven days late. See Opp'n at 5. Finally, Plaintiffs' Motion to Withdraw was filed 14 days before the noticed hearing, a violation of Civil Local Rule 7-2(a), which requires that motions be filed at least 35 days before the scheduled hearing.

United States District Court
For the Northern District of California

1   Id. at Ex. 11.  In this order the court again sanctioned

2   Plaintiffs and their attorney, this time for $3,000, for their

3   repeated failures to respond to discovery requests.  Id.

4        On May 17, 2006, the state court ordered that the "truth of

5   all matters specified in Defendant's Requests for Admission, Set

6   One to Plaintiff Leonard Foster are deemed admitted" for failure

7   to respond.  Id. at Ex. 14.  In addition, the court sanctioned

8   Plaintiffs $400.00.  Id.  Finally, on July 6, 2006, the state

9   court issued a minute order granting the defendants' motions for

10  monetary and terminating sanctions.  Defs.' Reply, Ex. 1.  This

11  order dismissed Plaintiffs' Underlying Action and sanctioned

12  Plaintiffs $920.00.  Id.  The order also requested that the

13  defendants present a formal order to the court within twenty days.

14  Id.  On August 29, 2006, this formal order was signed by the state

15  court.  See Defs.' Evidence, Ex. 12.

16       On August 3, 2006, after the minute order dismissing the case

17  had issued but before the formal order was signed, Plaintiffs

18  filed a Request for Dismissal.  See Edwards Decl., Ex. I.  Thus,

19  at the time that Plaintiffs filed a Request for Dismissal, the

20  state court had already issued terminating sanctions and the case

21  had been dismissed.[5]

22       Thus, Plaintiffs' assertion that they were "forced . . . to

23  dismiss the case . . .," Edwards Decl. ¶ 10, stands in stark

24  ────────────

25  [5]Pursuant to California state law, terminating sanctions are
    authorized for "failure to obey order compelling response or
26  further response to interrogatories."  Mileikowsky v. West Hill
    Hosp. Med. Ctr., 64 Cal. Rptr. 3d 888, 898 n.13 (Ct. App. 2007)
27  (citing Code of Civil Procedure §§ 2030(l), (m), (n)) (internal
    citations and quotations omitted).

28                                7

contrast to the facts contained in the state court documents submitted to the Court, which clearly demonstrate that the Underlying Action had already been dismissed when Plaintiffs filed their Request for Dismissal.

In addition, Plaintiffs' argument is seriously undercut by the time-line they have provided. Plaintiffs, by their own admission, did not subpoena the tire until January 25, 2006, almost a year after the case was initially filed on February 8, 2005. See Edwards Decl., Ex. D. By this time, the state court had already issued four orders compelling Plaintiffs to comply with discovery. As noted above, each of these orders contained sanctions against Plaintiffs. Thus, before Plaintiffs made a formal attempt to locate the tire they had already been sanctioned numerous times, in amounts totaling more than $3,000, for failing to respond to discovery. It is clear that these failures had nothing to do with the missing tire.

Had the tire truly been necessary in order for Plaintiffs to respond to the remaining discovery requests, Plaintiffs would have been perfectly justified in responding by stating that they were unable to fully answer the question because Hartford had not made the tire available for inspection. Instead, Plaintiffs simply did not respond. Whatever motivated Plaintiffs not to respond, if this silence was in fact a choice, is now irrelevant. What is relevant is that Plaintiffs' case was dismissed because Plaintiffs failed to abide by the rules, not because Hartford safeguarded the tire for only five months.

Nowhere in any of the documents relating to the state court

8

**United States District Court**
For the Northern District of California

1  proceedings is the missing tire even mentioned.  Nor have

2  Plaintiffs submitted any evidence in support of their Opposition

3  except for a declaration by Plaintiffs' counsel asserting that

4  "[t]he case was dismissed with prejudice because the defendants

5  demanded production of the tire for inspection and testing and

6  Plaintiffs were unable to produce the tire."  Edwards Decl. ¶ 10.[6]

7  In the face of overwhelming evidence to the contrary, however,

8  this declaration is simply not credible.

9      All three causes of action brought by Plaintiffs hinge on a

10 causal connection between Hartford's treatment of the tire and the

11 dismissal of the Underlying Action in state court.  Plaintiffs

12 have failed to submit any evidence, other than their attorney's

13 declaration, that such a connection existed.  "Rule 56(c) mandates

14 the entry of summary judgment . . . against a party who fails to

15 make a showing sufficient to establish the existence of an element

16 essential to that party's case . . . ."  Celotex, 477 U.S. at 322.

17 Therefore, the Court GRANTS summary judgment against Plaintiffs.[7]

18     As this holding is based on the record of the Underlying

19 Action, the issue of whether Plaintiffs may now be permitted to

20 withdraw their admissions in the present action is irrelevant and

21 the Court does not address it.  For the same reason, the Court

22

23     [6] Mr. Edwards was counsel of record for Plaintiffs during the Underlying Action as well.

24     [7] Defendants moved for summary judgment on essentially two
25 theories:  the first is based on the record of the Underlying
   Action in state court and the second is based on Plaintiffs'
26 admissions in the present action.  The Court's holding is based on
   the record of the Underlying Action and does not reach the issue of
27 whether Plaintiffs' admissions in the present action are also
   grounds for summary judgment.

28

9

1    does not reach Defendants' Request for Judicial Notice.  Finally,

2    the Court denies Defendants' Request for Order to Show Cause Why

3    Sanctions Should Not Issue.

4        The Court is cognizant of the fact that Plaintiffs have

5    presented essentially the same claims in federal court as those

6    that were dismissed with prejudice for procedural reasons in state

7    court.  Plaintiffs have attempted to clothe the underlying state

8    court claims in new causes of action against new defendants.  This

9    effort, however, to now recoup damages from Defendants, after

10   Plaintiffs' counsel so badly bungled the action in state court, is

11   unavailing.

12

13   **V.   <u>CONCLUSION</u>**

14       For the reasons discussed herein, Defendants' Summary

15   Judgment Motion is GRANTED and Defendants' Request for Order to

16   Show Cause Why Sanctions Should Not Issue is DENIED.

17

18

19       IT IS SO ORDERED.

20

21   Dated: September 28, 2007

22                                    UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28                                    10